**UNITED STATES DISTRICT COURT**
**DISTRICT OF MARYLAND**

CHAMBERS OF
TIMOTHY J. SULLIVAN
CHIEF MAGISTRATE JUDGE

6500 Cherrywood Lane
Greenbelt, Maryland 20770
Telephone: (301) 344-3593

April 16, 2026

LETTER TO COUNSEL:

RE:   *Karen L. v. Frank Bisignano, Commissioner of Social Security*[1]
      Civil No. TJS-25-2269

Dear Counsel:

On July 14, 2025, Plaintiff Karen L. petitioned this Court to review the Social Security Administration's final decision to deny her claim for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI"). ECF No. 1. The case has been assigned to me for all proceedings with the parties' consent pursuant to 28 U.S.C. § 636 and Local Rule 301.[2] Having considered the submissions of the parties (ECF Nos. 10, 12 & 13), I find that no hearing is necessary. *See* Loc. R. 105.6. This Court must uphold the decision of the agency if it is supported by substantial evidence and if the agency employed the proper legal standards. 42 U.S.C. §§ 405(g), 1383(c)(3); *Mascio v. Colvin*, 780 F.3d 632, 634 (4th Cir. 2015). Following its review, this Court may affirm, modify, or reverse the Commissioner, with or without a remand. *See* 42 U.S.C. § 405(g); *Melkonyan v. Sullivan*, 501 U.S. 89 (1991). Under that standard, I will deny both motions and remand the case for further proceedings. This letter explains my rationale.

Karen L. filed her applications for DIB and SSI in August 2020. Tr. 14. In both applications, she alleged a disability onset date of March 14, 2020. *Id.* Her applications were denied initially and upon reconsideration. *Id.* A hearing was held before an ALJ on July 31, 2024. *Id.* During the hearing, Karen L. "requested a closed period of disability from March 14, 2020, to July 12, 2023." *Id.*; Tr. 334. After conducting the hearing, the ALJ issued a written decision dated August 9, 2024, in which she concluded that Karen L. was not disabled. Tr. 14-24. The Appeals Council denied Karen L.'s request for review, making the ALJ's decision the final, reviewable decision of the agency.

The ALJ evaluated Karen L.'s claim for benefits using the five-step sequential evaluation process set forth in 20 C.F.R. §§ 404.1520, 416.920. At step one, the ALJ found that Karen L. had engaged in substantial gainful activity between October 2023 and March 2024, but also that there was a continuous 12-month period during the relevant period in which she did not engage in substantial gainful activity. Tr. 16-17. At step two, the ALJ found that while Karen L. suffers from certain medically determinable impairments (hypertension, hyperlipidemia, cervical and lumbar degenerative disc disease, and major depressive disorder), she did not have a severe impairment

---

[1] Frank Bisignano became the Commissioner of Social Security on May 7, 2025. He is therefore substituted as the defendant in this matter. See Fed. R. Civ. P. 25(d); 42 U.S.C. § 405(g).

[2] This case was originally assigned to Judge Douglas R. Miller. On February 6, 2026, it was reassigned to me.

or combination of impairments. Tr. 17. Accordingly, the ALJ found that Karen L. was not disabled under the Social Security Act. Tr. 24.

Karen L. argues that the ALJ's step-two denial is not supported by substantial evidence and is contrary to law. At the second step of the sequential evaluation process, it is the claimant's burden to prove that they have a medically determinable severe impairment or combination of impairments that meets the 12-month durational requirement. 20 C.F.R. §§ 404.1509, 416.909 (setting the durational requirement); 404.1520, 416.920 (explaining the five-step sequential evaluation process). If a claimant does not prove that they have "a severe medically determinable physical or mental impairment that meets the duration requirement," they will be found to be not disabled. 20 C.F.R. §§ 404.1520, 416.920. A claimant will be found to have a severe impairment if they prove that they have "any impairment or combination of impairments [that] significantly limits [their] physical or mental ability to do basic work activities." *Id.* §§ 404.1520(c), 416.920(c); 404.1522, 416.922. "Basic work activities" are those "abilities and aptitudes necessary to do most jobs." *Id.* Examples of basic work activities include:

(1) Physical functions such as walking, standing, sitting, lifting, pushing, pulling, reaching, carrying, or handling;
(2) Capacities for seeing, hearing, and speaking;
(3) Understanding, carrying out, and remembering simple instructions;
(4) Use of judgment;
(5) Responding appropriately to supervision, co-workers and usual work situations; and
(6) Dealing with changes in a routine work setting

*Id.*

An ALJ will find that a claimant's impairments are not severe "when medical evidence establishes only a slight abnormality or a combination of slight abnormalities which would have no more than a minimal effect on an individual's ability to work even if the individual's age, education, or work experience were specifically considered." Social Security Ruling ("SSR") 85-28, 1985 WL 56856, at *3. "Thus, even if an individual were of advanced age, had minimal education, and a limited work experience, an impairment found to be not severe would not prevent him or her from engaging" in substantial gainful activity. *Id.*

Importantly, a claimant's burden to show a severe impairment at step two is "only a de minimis screening device used to dispose of groundless claims." *Taylor v. Astrue*, No. BPG-11-0032, 2012 WL 294532, at *8 (D. Md. Jan. 31, 2012) (internal quotation marks and citation omitted); *see also Felton-Miller v. Astrue*, 459 F. App'x 226, 230 (4th Cir. 2011) ("Step two of the sequential evaluation is a threshold question with a de minimis severity requirement."); *Evans v. Heckler*, 734 F.2d 1012, 1014 (4th Cir. 1984). An ALJ must exercise "great care" in applying the severity standard at step two. SSR 85-28. If the ALJ cannot "determine clearly the effect of an impairment or combination of impairments on the individual's ability to do basic work activities, the sequential evaluation process" should be continued. *Id.*; *see also McCrea v. Comm'r of Soc. Sec.*, 370 F.3d 357, 360 (3d Cir. 2004) ("Any doubt as to whether this showing has been made is to be resolved in favor of the applicant.").

2

In this case, the ALJ discussed many of Karen L.'s impairments, but she did not follow step two's de minimis severity standard. Regarding Karen L.'s major depressive disorder, specifically, the ALJ appears to have ignored evidence that would have established a severe impairment. Throughout the ALJ's step-two analysis, the ALJ evaluated Karen L.'s mental impairments under a standard better suited to the RFC analysis embedded in steps four and five.

In the decision, the ALJ acknowledged Karen L.'s mental impairments: her reported lack of energy, her feeling overwhelmed by stress, and her testimony that she is frequently depressed and that she has a "slow" attention span. Tr. 18. But when focusing on the period at issue (March 2020 through July 2023), the ALJ discounted Karen L.'s symptoms, finding that they were less severe than she alleged. *Id.* The ALJ documented how Karen L.'s "mood was controlled despite stress at home," and how her medication helped her manage the stress and depression that she experienced. Tr. 19-20. The ALJ noted that Karen L. participated in mental health treatment throughout 2021, and that she was mostly compliant with such treatment, even though she reported self-isolating behavior, occasional worsening of anxiety and depression symptoms, and struggles with her family. Tr. 19-20, 23.

The ALJ credited the opinion of state agency psychologist D. Bunkley, Ph.D., who found that Karen L.'s depression was not severe. Tr. 21. But the ALJ rejected the opinion of state agency psychologist Maurice Prout, Ph.D. *Id.* Dr. Prout found that Karen L. had moderate limitations in interacting with supervisors, coworkers, and the general public. Tr. 113. The ALJ found that this opinion "is not consistent with or supported by the evidence of record," and went on to cite selections from Karen L.'s treatment records when she reported that her mood was stable. The ALJ did not cite the portions of the treatment records where Karen L. reported a depressed mood and difficulty interacting with others.

The ALJ also rejected the opinion of Jane Iwebo, CRNP. Tr. 23. Like Dr. Prout, Ms. Iwebo opined that Karen L. had at least moderate limitations in interacting with the general public and coworkers.[3] Tr. 640. Ms. Iwebo also stated that Karen L. had limitations in her ability to tolerate stress. Tr. 641. The ALJ rejected Ms. Iwebo's opinion, finding it unpersuasive because it is not consistent with the portions of those treatment records where Karen L. had displayed organized thought processes without suicidal or homicidal ideations. Tr. 23.

In rejecting the opinions of Dr. Prout and Ms. Iwebo, the ALJ cited evidence that undermined the opinions but did not account for evidence that supported the opinions. And as for the opinion of Ms. Iwebo, the only evidence that the ALJ cited to discount the opinion (that Karen L. had social limitations) was related to a different subject matter (Karen L.'s ability to think clearly and the absence of suicidal ideation).

The ALJ's step-two analysis is flawed. The relevant question is not whether Karen L.'s mental impairments had generally improved over time, or whether she had good days when her

---

[3] As explained above, and as the ALJ noted in her opinion, the ability to "[r]espond appropriately to supervision, co-workers, and usual work situations" is an example of a "basic work activity" included in the regulations. Tr. 17.

symptoms did not impair her ability to function. The question is whether Karen L.'s mental impairments for the period in question rise above the de minimis severity requirement. In this case, they do. Had the ALJ applied the proper standard, she would have concluded that Karen L.'s depression was a severe impairment at step two and continued with the rest of the five-step process. The step-two severity standard is not demanding. It is designed as a threshold screen against frivolous claims. Considering the treatment notes and medical opinion evidence in the record, Karen L.'s claims are not frivolous and deserve to be fully evaluated beyond step two.

Karen L. raised several other arguments in this appeal, but the Court declines to address them because of its finding that the ALJ erred in her consideration of Karen L.'s depression at step two. The Court expresses no opinion on the ultimate issue of whether Karen L. is disabled.

Both parties' motions for summary judgment (ECF Nos. 10 & 12) are **DENIED**. Pursuant to sentence four of 42 U.S.C. § 405(g), the Commissioner's judgment is **REVERSED IN PART** due to inadequate analysis. The case is **REMANDED** for further proceedings in accordance with this opinion. The Clerk is directed to **CLOSE** this case.

Sincerely yours,

_____/s/_____

Timothy J. Sullivan
Chief United States Magistrate Judge